**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------

MAIRELYS ARIAS MOREJON            :
1203 Olympic Circle                   :
Whitehall, PA 18052                :     CIVIL ACTION NO.: _____
                                      :
           Plaintiff,       :     **JURY TRIAL DEMANDED**
                                        :
          v.                     :
                                        :
JALEPENOS, LLC d/b/a MY TEQUILA HOUSE  :
1808 MacArthur Rd               :
Whitehall, PA 18052               :
                                        :
          Defendant.      :

------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Mairelys Arias Morejon ("Plaintiff"), by and through her undersigned attorney,

for her Complaint against Defendant Jalapenos, LLC d/b/a My Tequila House ("Defendant")

alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendant discriminated against

her and ultimately terminated her employment because of her pregnancy and in retaliation for

requesting an accommodation regarding the same, in violation of the Pregnant Workers' Fairness

Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.* Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e-1, *et seq.*, and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §

§ 951, *et seq.*

### PARTIES

2.      Plaintiff Mairelys Arias Morejon is a resident of Pennsylvania and currently

maintains a residence at 1203 Olympic Circle, Whitehall, PA 18052.

3. Upon information and belief, Defendant Jalapenos, LLC d/b/a My Tequila House is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Department of State of 3805 Perkiomen Avenue, Reading, PA 19606.

**JURISDICTION AND VENUE**

4. On or around October 24, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission, thereby satisfying the requirements of 42 U.S.C. § 12117(a); 2000e-5(b) and (e).  Plaintiff's EEOC Charge was docketed as Charge No. 530-2025-00678.  Plaintiff's EEOC Charge was filed within one hundred eighty (180) days of the unlawful employment practices alleged herein.

5. By correspondence dated March 17, 2026, Plaintiff received a Notice of Right to Sue (Issued on Request) from the EEOC regarding the Charge, advising her that she had ninety (90) days to file suit against Defendant.

6. On or about May 20, 2026, within the relevant statutory timeline, Plaintiff filed the instant matter.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This action is authorized and instituted pursuant to the Pregnant Workers' Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-1, *et seq.*

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.    The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Plaintiff resides in this district and the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

11.    Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.    On August 30, 2023, Plaintiff was rehired as a Hostess at Defendant's restaurant, My Tequila House, in White Hall, PA.

13.    Plaintiff had previously worked for Defendant for few months before resigning in anticipation of moving out of state, which ultimately did not occur.

14.    Due to her good previous work performance, Defendant agreed to rehire Plaintiff as a Hostess.

15.    Throughout her employment, Plaintiff performed her job well, receiving positive feedback concerning her performance and no disciplinary action.

16.    On or around April 15, 2024, Plaintiff notified her managers, Alejandro Ramirez and Oscar Soto, Defendant's owners, as well as Maria Arteaga (a supervisor and Mr. Soto's wife) that she was pregnant.

17.    They congratulated Plaintiff on the news and Plaintiff continued working as usual.

18.    Nevertheless, on two occasions over the weeks that followed, Plaintiff had to sit down and take a 10-minute break from her tasks due to pregnancy-related dizziness.

19.    The first time this happened, Plaintiff received a phone call from Mr. Soto, who told Plaintiff he was watching her on the security cameras and saw her sitting down.

20.    Plaintiff explained that she was feeling dizzy but that the discomfort goes away very quickly if she is able to sit.

3

21.    Mr. Soto coldly responded that Plaintiff's pregnancy was "not his fault."

22.    A few days later, on Mother's Day, May 12, 2024, Mr. Soto's wife, Ms. Arteaga, informed Plaintiff, after she had worked a ten-hour day, that she was being terminated.

23.    Ms. Arteaga told Plaintiff she was being terminated because Plaintiff allegedly was not performing her job as well as before, and that Defendant needed someone who was "strong."

24.    Upon information and belief, Defendant had a continuing need for Plaintiff's job duties, which were reassigned to a non-pregnant individual or individual(s) following her termination.

25.    Defendant failed to reasonably accommodate Plaintiff's pregnancy-related work restrictions (i.e. the ability to take brief ten-minute breaks if needed for pregnancy-related dizziness), and ultimately terminated Plaintiff because of her pregnancy (and therefore her sex) and in retaliation for her requests for an accommodation in connection therewith in violation of the PWFA, Title VII, and the PHRA.

26.    Plaintiff has, because of Defendant's unlawful, discriminatory, and retaliatory actions alleged herein, struggled to obtain other employment, and has been forced to expend significant out of pocket expenses on health care.

27.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential commissions and bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her professional reputation.

## COUNT I
## PREGNANT WORKERS' FAIRNESS ACT ("PWFA")
## 42 U.S.C. § 2000gg, *et seq.*
## PREGNANCY DISCRIMINATION & RETALIATION

28. Paragraphs 1 through 27 are hereby incorporated by reference as through the same were fully set forth at length herein.

29. Defendant employed in excess of fifteen (15) employees at its various locations at all times relevant hereto.

30. As a pregnant female, Plaintiff was a member of a protected class under the PWFA, and was entitled to request certain reasonable accommodations in connection with her pregnancy, including, but not limited to the ability to take reasonable breaks as needed.

31. Defendant failed to accommodate Plaintiff and subjected her to disparate treatment as a result of her pregnancy.

32. Plaintiff engaged in protected activity under the PWFA as aforesaid.

33. Defendant retaliated against Plaintiff for requesting an accommodation for her pregnancy and/or engaging in protected activity by terminating her employment.

34. Upon information and belief, Defendant had a continuing need for Plaintiff's job duties, which were reassigned to a non-pregnant individual or individual(s) following her termination.

35. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages and front pay, in an amount to be determined at trial;

b)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

d)      Pre-judgment interest in an appropriate amount; and

e)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**PREGNANCY DISCRIMINATION & RETALIATION**

36.      Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37.      Defendant employed in excess of fifteen (15) employees at its various locations at all times relevant hereto.

38.      As a pregnant female, Plaintiff was a member of protected classes under Title VII, as amended by the Pregnancy Discrimination Act.

39.      Plaintiff was subjected to disparate treatment as a result of her pregnancy.

40.      Plaintiff engaged in protected activity under Title VII as aforesaid.

41.      Defendant retaliated against Plaintiff for requesting an accommodation for her pregnancy and/or engaging in protected activity by terminating her employment.

42.      Upon information and belief, Defendant had a continuing need for Plaintiff's job duties, which were reassigned to a non-pregnant individual or individual(s) following her termination.

43. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay, in an amount to be determined at trial;

b) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *et seq.*
**PREGNANCY DISCRIMINATION & RETALIATION**

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Defendant employed four (4) or more employees within the Commonwealth of Pennsylvania at all times relevant hereto.

46. As a pregnant female, Plaintiff was a member of a protected class under the Pennsylvania Human Relations Act. See Challa v. Pinnacle Health Hosps., Inc., 160 A.3d 255 (Pa. Super. Ct. 2017).

47.	Plaintiff was subjected to disparate treatment as a result of her pregnancy.

48.	Plaintiff's employment was terminated because of her pregnancy, and/or in retaliation for engaging in protected activity under the PHRA by requesting pregnancy-related accommodations.

49.	Upon information and belief, Defendant had a continuing need for Plaintiff's job duties, which were reassigned to a non-pregnant individual or individual(s) following her termination.

50.	As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)	Back wages and front pay, in an amount to be determined at trial;

b)	Compensatory damages for emotional distress, humiliation, and damage to professional reputation in an amount to be determined at trial;

c)	Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

d)	Pre-judgment interest in an appropriate amount; and

e)	Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:    /s/ Michael Groh
        Michael Murphy, Esq.
        Michael Groh, Esq
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        mgroh@phillyemploymentlawyer.com
        Attorneys for Plaintiff

Dated: May 20, 2026

9

### DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.